**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


MICHAEL A. McDONALD,

      Petitioner,

v.                             CASE NO.  4:10cv428-RH/CAS

MICHAEL D. CREWS,

      Respondent.

_____/


**ORDER DENYING THE PETITION AND GRANTING
A LIMITED CERTIFICATE OF APPEALABILITY**


By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Michael A. McDonald challenges his Florida state-court convictions for sexual battery on, and lewd or lascivious molestation of, a four-year-old girl.  The girl testified (when she was age five) by contemporaneous video transmission from a separate room in the courthouse, while the defendant remained in the courtroom.  This order denies the petition not because this was permissible under the Confrontation Clause, but because the state courts' conclusion that this was permissible under the Confrontation Clause was not contrary to, or an unreasonable application of, decisions of the United States Supreme Court, or based on an unreasonable

determination of the facts in light of the evidence presented in the state-court proceeding.  The convictions thus cannot be set aside under § 2254.

I

The petition is before the court on the magistrate judge's 100-page report and recommendation, ECF No. 45, and the objections, ECF No. 50.  The report and recommendation sets out the background and addresses each of the issues raised by the petition.

Upon review of the report and recommendation, I appointed an attorney for Mr. McDonald and set the case for oral argument.  I allowed each side to submit additional materials.  Each side has had the opportunity to submit anything it chose and has been fully heard.  I have read the entire transcript of the trial and the other pertinent parts of the record.  I have reviewed the issues with care and without deference to the report and recommendation.

The report and recommendation is thorough and correct.  It is adopted as the court's opinion with additional comments summarizing the § 2254 standard of review, briefly addressing the video-transmission issue, and addressing a separate ineffective-assistance claim raised for the first time at oral argument.

II

A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A long and ever-growing line of cases addresses these standards. *See, e.g.*, *Williams v. Taylor*, 529 U.S. 362 (2000); *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117 (11th Cir. 2012). No purpose would be served by repeating here all the analysis set out in the many cases.

## III

Under the Confrontation Clause, a defendant has the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. This ordinarily means that the witnesses must testify live in the courtroom with the defendant present. The framers probably gave little thought to video transmission of testimony from a remote location, but video transmission is now feasible. Even so, unless the defendant consents, the Confrontation Clause prohibits the practice. *See, e.g.*, *United States v. Yates*, 438 F.3d 1307 (11th Cir. 2006) (*en banc*) (disapproving video testimony of a witness who was out of the country and could not be subpoenaed to the trial).

But there is a narrow exception for children who are alleged victims of sexual abuse. On this issue, the "clearly established Federal law, as determined by

the Supreme Court of the United States," is set out in two decisions: *Coy v. Iowa*,

487 U.S. 1012 (1988), and *Maryland v. Craig*, 497 U.S. 836 (1990).

The report and recommendation correctly analyzes these decisions and an

Eleventh Circuit decision applying them, *Cumbie v. Singletary*, 991 F.2d 715 (11th

Cir. 1993). Together, *Coy* and *Craig* establish that child testimony cannot be

presented remotely based only on a presumption of harm, but child testimony *can*

be presented remotely based on individualized findings that the child will suffer

harm, not just from testifying in a courtroom, but from testifying *in the defendant's*

*presence*.

Here, to justify the child's remote testimony, the state presented the

testimony of a clinical psychologist who examined the child for the first time on

the morning of trial. Most of the psychologist's testimony addressed the wrong

issue—harm to the child from testifying at all, or from testifying without her

mother present, not any marginal harm to the child from testifying *in the*

*defendant's presence*. But the psychologist did briefly touch on that subject, and

the trial court explicitly found that the child would suffer harm from testifying in

the defendant's presence. This was not an unreasonable finding based on the

limited evidence presented in the state-court proceeding.

It is hardly commendable that the state first notified the defense on the day

before the trial that the state would attempt to present the child's testimony

remotely.  It is hardly commendable that the state arranged for an expert to examine the child on this subject only on the morning of trial.  But the petition in this court does not raise this as an issue.  The petition does not assert that the late notice was unconstitutional or that it otherwise entitles Mr. McDonald to relief.  And any such claim in this court almost surely would have failed on procedural grounds: a state-court procedural default by failing to raise the issue on direct appeal, and in any event a failure to exhaust the claim in state court either on direct appeal or on collateral review.

Whether the state's factual showing was sufficient under *Coy* and *Craig* is far from clear.  The issue, though, is not whether those decisions clearly authorized this remote testimony.  The issue is whether those decisions clearly *prohibited* this remote testimony.  The decisions did not.  The state courts' rejection of Mr. McDonald's Confrontation Clause claim was not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court.

One final point deserves mention.  *Craig* was a 5-4 decision.  In the view of the four dissenting justices, the Confrontation Clause required in-court testimony with no exception for child victims of sexual abuse.  In holding the contrary, the five-member majority relied heavily on *Ohio v. Roberts*, 448 U.S. 56 (1980).  Under *Roberts*, reliability was a touchstone of Confrontation Clause jurisprudence.  But *Roberts* has now been overruled.  *See Crawford v. Washington*, 541 U.S. 36

(2004).  Justice Scalia authored both the *Craig* dissent and the *Crawford* opinion for the Court.  *Craig* thus might not be the Court's last word on remote testimony of child victims.  But none of this matters here; relief under § 2254 is available based only on clearly established federal law, not based on law that might later develop.

The bottom line is this: the state courts' rejection of the Confrontation Clause claim was not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court or based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

IV

Mr. McDonald noted at oral argument that his trial attorney's cross-examination of a state witness brought out damaging testimony.  The witness, a neighbor, was the first adult who learned of Mr. McDonald's abuse of the child.  On direct, the witness said she asked the child whether she had been touched inappropriately.  The witness gave no indication of why she asked the question.  That is, of course, an odd thing to ask a child, just out of the blue.  On cross, the witness said she asked because the child had told her once before that Mr. McDonald touched her inappropriately, that the witness did not report this at the time but determined to be on the lookout, that Mr. McDonald soon left the

residence for an extended period, and that when he returned and had the child in his care for several hours, the witness asked the child about inappropriate contact, at the first available opportunity.  Not a good cross-examination.

A claim of ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed, a defendant must show both deficient performance and prejudice.  It is not at all clear Mr. McDonald could meet these standards.

But Mr. McDonald could not prevail on this claim in this court in any event. First, the claim was not exhausted in state court.  Second, the claim was not made in the petition in this court.  Third, Mr. McDonald has not sought leave to amend to add this claim, and doing so apparently would be futile; the claim would not relate back to the date when the petition was filed and thus would now be barred by the one-year statute of limitations.  Mr. McDonald is not entitled to relief on this claim.

V

For the reasons set out in the report and recommendation and this order, the petition is due to be denied.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003);

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting

out the standards applicable to a § 2254 petition on the merits).  As the Court said

in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that reasonable
> jurists could debate whether (or, for that matter, agree that) the petition
> should have been resolved in a different manner or that the issues
> presented were " 'adequate to deserve encouragement to proceed
> further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in

order to obtain a certificate of appealability when dismissal is based on procedural

grounds, a petitioner must show, "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling."  *Id.* at 484.

Mr. McDonald has made the required showing on only a single issue:

whether he is entitled to relief on the ground that the alleged child victim's remote

testimony violated the Confrontation Clause.

For these reasons,

IT IS ORDERED:

1.   The report and recommendation is ACCEPTED and adopted as the court's opinion.

2.   The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3.   The motion for a certificate of appealability, ECF No. 51, is GRANTED IN PART.  A certificate of appealability is granted on this issue: whether Mr. McDonald is entitled to relief on the ground that the alleged child victim's remote testimony violated the Confrontation Clause.

4.   The motion for leave to appeal *in forma pauperis*, ECF No. 52, is GRANTED.

5.   The clerk must close the file.

SO ORDERED on March 31, 2014.

                                                      s/Robert L. Hinkle_____
                                                      United States District Judge